UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSEMOND MACKWASHIE and
MAWUSE E. MENSAH,

                        Plaintiffs,            DECISION AND ORDER

-vs-

                                                       24-CV-06677

MAWULI K. MENSAH, ANNETTE KING-
HAMMOND, and MICHELLE JORDAN,

                        Defendants.
_____

## INTRODUCTION

On December 23, 2024, *pro se* Plaintiffs, Rosemond MacKwashie and Mawuse E. Mensah, filed the operative Second Amended Complaint ("Complaint"), alleging, *inter alia*, civil rights violations against Defendants, Mawuli Kwaku Mensah, Annette King-Hammond, and Michelle Jordan. ECF. No. 13 at 1.[1] Plaintiffs have also filed applications to proceed *in forma pauperis*. ECF Nos. 7, 9.

The Court finds that the applications to proceed *in forma pauperis* sufficiently satisfy the criteria set forth in 28 U.S.C. § 1915(a)(l). Accordingly, the Court grants their applications. After screening the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), the Court dismisses the Complaint in its entirety with prejudice unless Plaintiffs file an amended complaint within **45 days of the date of this Order** curing the deficiencies identified below.

---

[1] Page references are to those automatically generated by the Court's CM/ECF system and located in the header of each page.

## BACKGROUND

The following facts are taken from Plaintiffs' *pro se* Complaint and the exhibits attached to it, ECF Nos. 13, 14, which the Court construes liberally to raise the strongest arguments that they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (stating that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

Plaintiffs' Complaint consists of a Non-Prisoner Complaint Form and Civil Cover Sheet (ECF No. 1 at 1–6), along with the following attached exhibits: a victim impact statement (*id.* at 7–12); an eviction letter for property in Colorado (*id.* at 13–30); a letter dated 2011 from the Gwinnett County District Attorney's in Lawrenceville, GA concerning Defendant Mawuli K. Mensah ("Defendant Mensah") (*id.* at 31–32); a criminal arrest warrant for Defendant Mensah for an incident occurring in Gwinnett County, Georgia in 2007 (*id.* at 33–34); a surety bond for Defendant Mensah filed in Gwinnet County, GA in 2011 (*id.* at 35–36); an email correspondence on December 20, 2024, from an employee of Rochester Institute of Technology ("RIT") concerning Plaintiff Mawuse Mensah ("Plaintiff Mensah") (*id.* at 37–38);[2] a medical bill for services rendered on December 30, 2021, in Atlanta, Georgia (ECF No. 14 at 1–3); storage bills (*id.* at 7–11); and a health insurance document form the State of Colorado (*id.* at 4–6).

---

[2] In a letter to the Court on January 8, 2025, Plaintiff Mawuse E. Mensah indicated that she is a first-year student at Rochester Institute of Technology. ECF No. 15.

The Complaint identifies the nature of the action as a civil rights lawsuit. ECF No. 13 at 1. Plaintiffs allege the basis for federal court jurisdiction as "Civil Rights Violation, Predjudice [sic], Defamation, Libel, Obstruction of Justice[,] Employment Rights, Education Rights Violation, Evidence Planting." *Id.* According to the Complaint, venue is proper in this District because "Plaintiff(s) reside here for school long term." *Id.*

Plaintiffs name the following three individuals as defendants: Defendant Mensah, Annette King-Hammond ("King-Hammond"), and Michelle Jordan ("Jordan"). *Id.* at 2. Defendant Mensah allegedly lives in Lawrenceville, Georgia and has no official position; King-Hammond allegedly lives in Atlanta, Georgia and is attorney for Defendant Mensah; and Jordan purportedly is an attorney with the Georgia Department of Children and Family Services. *Id.* at 2.

Plaintiffs assert two claims in the Complaint. *Id.* at 3–4. The first claim alleges that Defendant Mensah has been violently hitting Plaintiff Rosemond MacKwashie ("MacKwashie") since 2006, used their "combined money for rent to finance his business-marriage for immigration documents," and failed to pay child support. *Id.* at 4. Plaintiffs assert that the federal basis for the claim is "civil liberties, wrongdoing, violation of [Plaintiffs'] living rights, extrem[e] cruelty, [and] stalking." *Id.* Plaintiffs request an immediate lump sum payment of monetary damages, 18 years of restitution, and enforcement of child support payments. *Id.*

The second claim alleges that King-Hammond falsely accused MacKwashie of deliberately absconding with "the child" and refusing to show up to court. *Id.* at 4.

Plaintiffs assert that King-Hammond continues to:

> destroy [MacKwashie] by way of defaming [her], slandering [her], libeling [her], [conducting a] smear campaign [against her], . . . stalking [Plaintiffs], willfully using/abusing her position of work to . . . destroy . . . [Plaintiffs,] . . . [attempting to] remove [MacKwashie] from employment after employment, . . . planting [evidence, and] obstructing justice.

*Id*. Plaintiffs allege the basis for federal jurisdiction is "deception, fraud on the court, civil rights violation, defamation of character, [and] wrongful accusation." *Id*. They request that the Court disbar King-Hammond. *Id*.

Plaintiffs attached a "Victim's Impact Statement" to the Complaint wherein they allege that Defendant Mensah, King-Hammond, and "[Defendant Mensah's] extended proxy network" abused them, violated their civil liberties, and made false allegations of abuse against MacKwashie. *Id*. at 8. Plaintiffs allege that Defendant Mensah, King-Hammond, and Jordan "have employed systematic behavior and tactics with the deliberate intent to dominate, subjugate, control and exploit and defeat [MacKwashie]." *Id*. According to Plaintiffs, Defendant Mensah's "network of proxies . . . filtered into [MacKwashie's] workplace" and caused her to lose her employment. *Id*.

Plaintiffs' "Victim's Impact Statement" consists of a litany of grievances without details as to who specifically committed the violations (other than "Mawuli's proxy networks") or when they occurred (other than over the course of 18 years), such as the following:

> Throughout the entirety of M.E.M's childhood we have had to constantly relocate because of persecution, stalking, an intentional human rights violations we had to and still are enduring. Small, subtle, and seemingly

4

> insignificant manipulative behaviors, we're played out repeatedly over the course of eighteen years and interspersed with changing tactics, gradually inflicting lasting damage and trauma on us whilst they remained undetected to everyone else. Our abusers used sly jokes, smear tactics, and guilt trips, to cast aspersions on my integrity and the integrity of anyone who appeared to want to intervene and help us. They've hack into my phone — monitoring every job I applied to, then give me false promises of job offers (copies of Indeed job offer conversations, texts), (voicemail messages would be played during courtroom appearance).

*Id.* (errors in original). Nor do Plaintiffs identify where any of these events occurred. To the best of the Court's understanding, these events appear to have occurred in Georgia and Colorado.

## LEGAL STANDARD

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Akande v. Philips*, 386 F. Supp. 3d 281, 288 (W.D.N.Y. 2019) (quotation omitted). Section 1915(e)(2)(B) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint, or any portion thereof, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quotation omitted).

In reviewing a *pro se* complaint, "the Court must accept all factual allegations as true and must draw all inferences in Plaintiffs' favor." *Ward v. Doe #3*, No. 22-cv-6497, 2023 WL 3025218, at *1 (W.D.N.Y. April 20, 2023) (citing *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam)). Even though courts liberally construe *pro se* complaints, "the 'special solicitude' in *pro se* cases has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." *Basciano v. Child Support Enf't Mt. Vernon Office*, No. 1:19-cv-11797, 2020 WL 550569, at *1 (S.D.N.Y. Feb. 4, 2020) (quotation omitted); *see Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted)).

"The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief 'that is plausible on its face.'" *Basciano*, 2020 WL 550569, at *1 (quoting *Twombly*, 550 U.S. at 570). "A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct." *Basciano*, 2020 WL 550569, at *1. "After separating legal conclusion from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not

merely possible — that the pleader is entitled to relief." *Id.*

## DISCUSSION

**I. Personal Jurisdiction**

Dismissal of Plaintiffs' Complaint is warranted because the facts alleged fail to demonstrate that the Court has personal jurisdiction over the Defendants, who all purportedly reside in Georgia. "Where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction." *Strauss v. Kentucky Bd. of Med. Licensure*, Nos. 19-cv-6537, 19-cv-6587, 20-cv-6093, 2020 WL 1493963, at *3 (W.D.N.Y. Mar. 26, 2020). Personal jurisdiction concerns "the relationship of a given defendant to the particular geographic area in which a case is brought." *United States ex rel. Thistlethwaite v. Dowty Woodvile Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997). Personal jurisdiction "protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum." *United States v. Morton*, 467 U.S. 822, 828 (1984).

"In diversity or federal question cases the court must look first to the long-arm statute of the forum state, in this instance, New York. If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (internal citation omitted); *see Izzo Golf Inc. v. King Par Corp.*, No. 10-cv-6507, 2016 WL 7104223, at *7 (W.D.N.Y. Dec. 6, 2016). "The New York law

dealing with personal jurisdiction based upon tortious acts of a non-domiciliary who does not transact business in New York is contained in sub-paragraphs (a)(2) and (a)(3) of CPLR § 302." *Id.* C.P.L.R. § 302 provides that a court may exercise personal jurisdiction over any non-domiciliary who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

*See* N.Y. C.P.L.R. § 302(a).[3]

Here, it appears that Plaintiffs' claims arise out of alleged events that occurred in Georgia and Colorado in connection with individuals who purportedly reside in Georgia. There are no allegations in the Complaint or the attached exhibits that any of the complained of events occurred in New York, that any Defendants were ever

---

[3] "Sections 302(a)(2) and (a)(3) of New York's long-arm statute expressly exclude actions for defamation, due to the judgment of New York's legislature that subjecting out of state defendants to suit in New York solely on the basis of defamation would chill free expression. However, personal jurisdiction over a defamation defendant may still be obtained under Section 302(a)(1)'s transaction-of-business prong." *See Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 230 (S.D.N.Y. 2015), *aff'd*, 864 F.3d 236 (2d Cir. 2017).

present in New York, that any Defendants transacted business in New York, or that any of Defendants' out-of-state actions caused injury to Plaintiffs while they were in New York. Accordingly, the Court's exercise of personal jurisdiction would not be appropriate under C.P.L.R. § 302. *See Pellegrino v. Fallahee*, No. 19-cv-1412, 2021 WL 2666812, at * 3 (W.D.N.Y. June 28, 2021) (dismissing *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) for lack of personal jurisdiction because the complaint was "comprised exclusively of claims arising out of alleged events that occurred in Florida in connection with citizens of Florida and local government entities."); *Strauss*, 2020 WL 1493963, at *4 (dismissing complaint *sua sponte* upon initial screening for lack of personal jurisdiction where "[Plaintiff] ha[d] not alleged that the [defendant] was ever present, doing business, or had sufficient contacts within New York at any point during the relevant events in this case . . . [T]he injury at issue . . . occurred in the Commonwealth of Kentucky, as did, in fact, all the alleged conduct in [the plaintiff's] cases."). **Accordingly, the Complaint must be dismissed for lack of personal jurisdiction over the Defendants unless Plaintiffs file an amended complaint demonstrating through short and plain statements that the named Defendants are subject to personal jurisdiction by this Court.**

## II. Venue

Relatedly, there are insufficient facts alleged in Plaintiffs' Complaint establishing that venue in this district is proper under 28 U.S.C. § 1391(b).

According to 28 U.S.C. § 1391(b):

> [A] civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which

the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, all of the named Defendants allegedly reside in Georgia. ECF No. 13 at 2. Additionally, neither the Complaint nor attached exhibits allege that any of the events giving rise to the claims occurred in the Western District of New York. Indeed, there are no allegations connecting the lawsuit to this district other than the allegation that Plaintiffs reside here so that Plaintiff Mensah can attend a local college. ECF No. 13 at 4.

However, Plaintiffs' residence is not a proper basis for venue under § 1391(b). *See Strickland v. Hegedus*, No. 19-cv-6763, 2022 WL 2306976, at *3 (W.D.N.Y. June 27, 2022) ("The sole ground for bringing the action in this district, as asserted in the complaint, is that '[p]laintiff resides in Rochester, NY.' This is not a proper basis for venue under § 1391."); *Sumter v. Keith*, No. 21-cv-3723, 2022 WL 493499 (S.D.N.Y. Feb. 17, 2022) (dismissing action based on improper venue where the defendants resided in Pennsylvania, the underlying events occurred in Pennsylvania, and the only connection to the district was plaintiff's residence); *Madison v. Dyal*, 746 F. Supp. 2d 450, 452 (W.D.N.Y. 2010) ("[A] plaintiff's residence is irrelevant in determining venue under [28 U.S.C. § 1391(b)]"). **Accordingly, the Complaint must be dismissed unless Plaintiffs file an amended complaint demonstrating through short and plain statements that venue is proper in this district.**

### III. Failure to State a Claim

Lastly, even if the Court had personal jurisdiction over the Defendants and venue was proper in this district, the Complaint must be dismissed in its entirety for failing to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure. To the extent Plaintiffs' claim that their federally protected rights were violated, the Complaint and attached exhibits consist solely of conclusory allegations, which fail to describe any basic facts concerning the alleged violations, such as which rights are at issue, when the violations occurred, who specifically violated them, and how they were violated. As written, the vague and conclusory allegations do not contain enough factual detail to allow for the inference that Defendants are liable for violating Plaintiffs' federally protected rights. Nor do the allegations provide Defendants with sufficient notice concerning the nature of the violations and the grounds upon which they reside. Therefore, Plaintiffs' claims concerning their federally protected rights must be dismissed.[4]

**Given that Plaintiffs are proceeding *pro se*, Plaintiffs may file an amended complaint consisting of short and plain statements addressing *what* federally or constitutionally protected rights were violated; *who***

---

[4] Additionally, it appears that Defendant Mensah and King-Hammond are private parties. The Court cautions that alleged constitutional violations asserted against private individuals are subject to dismissal. *See e.g., Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."); *see also Carvel v. Durst*, No. 09-cv-6733, 2013 WL 7766314, at *3 (S.D.N.Y. Oct. 11, 2013) ("Private parties act under the color of state law if they jointly participate or conspire with a state actor to violate an individual's federal rights . . . Courts in the Second Circuit have held that litigants and lawyers are not clothed with the state's authority because they are using the state's judicial process or because they are officers of the court.") (quotation and ellipsis omitted).

11

specifically violated those rights; *how* they violated those rights; *when* and *where* such violations occurred; *why* Plaintiffs are entitled to relief; and *what type* of relief they seek (*e.g.*, money damages, injunctive relief, or declaratory relief).

Additionally, to the extent Plaintiffs claim that they were injured due to violations of state law, such as allegations of assault and battery against Defendant Mensah, the allegations suffer from the same deficiencies identified above, namely that they consist of legal conclusions without sufficient factual detail. Accordingly, these claims must be dismissed for failing to state a claim. **In light of Plaintiffs' *pro se* status, Plaintiffs are entitled to file an amended complaint telling the Court in short and plain statements what state law(s) Defendants violated, the approximate date and time of each event(s), the general location where each event(s) occurred, a description of the injuries Plaintiffs suffered, and the relief Plaintiffs seek.**

With respect to Plaintiffs' claim for defamation against King-Hammond, even if personal jurisdiction existed for the claim, the sole relief requested in the Complaint is for the Court to disbar King-Hammond. ECF No. 13 at 4. This claim must be dismissed. A federal court's power to suspend or disbar lawyers derives from the lawyer's role as an officer of the court which granted admission. *In re Snyder*, 472 U.S. 634, 643 (1985). The Complaint and attached exhibits contain no allegations that King-Hammond is admitted to practice in the Western District of New York. Even if she were, all complaints concerning her conduct must be made to the Chief Judge of

the District. *See* United States District Court for the Western District of New York, Local Rules of Civil Procedure, January 1, 2025, 83.3(b) ("All grievances and complaints about attorneys admitted to practice in this District shall be made to the Chief Judge of the District.").[5]

Lastly, to the extent Plaintiffs are requesting enforcement of a child support order, that claim must be dismissed for lack of subject matter jurisdiction, as it arises entirely under state law. *See Mills v. Mills*, No. 11-cv-00312, 2011 WL 2730964, at *2 (W.D.N.Y. July 12, 2011) ("Although I recognize that the basis for the removal is premised on enforcement of the settlement, the practical effect of the removal is to place enforcement of the child support order before this court, an issue which arises entirely under state law."), *report and recommendation adopted by* 2011 WL 3739031 (W.D.N.Y. Aug. 24, 2011); *Csikota v. Tolkachev*, No. 08-cv-5283, 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010) ("[T]his Court also lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction, which divests the federal courts of power to issue divorce, alimony, and child custody decrees . . . The exception has consistently been applied to child support judgments as well.") (internal quotation marks and citations omitted).

## CONCLUSION

Plaintiffs' Complaint must be dismissed in its entirety with prejudice for lack of personal jurisdiction, improper venue, and failure to state a claim unless Plaintiffs file an amended complaint no later than **45 days from the date of this Order** that

---

[5] The Court's Local Rules of Civil Procedure can be accessed through the following link: https://www.nywd.uscourts.gov/rules-individual-local-federal.

includes the necessary allegations in a manner that complies with Rules 8 of the Federal Rules of Civil Procedure.[6] **To summarize, Plaintiffs' amended complaint must allege the following through short and plain statements:**

- Why Defendants are subject to personal jurisdiction in New York;
- Why venue is proper in the Western District of New York;
- *What* federally or constitutionally protected rights were violated by the Defendants; *how* the Defendants violated those rights; *when* and *where* such violations occurred; *why* Plaintiffs are entitled to relief; and *what type* of relief they seek (*e.g.*, money damages, injunctive relief, or declaratory relief); and
- What state laws were violated by Defendants, the approximate date and time of each event, the general location where each event occurred, a description of the injuries Plaintiffs suffered, and the relief Plaintiffs seek.

Plaintiffs are advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quotation omitted). Therefore, Plaintiffs' amended complaint must include all of the allegations that they intend to raise, so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

Plaintiffs are forewarned that if they fail to file an amended complaint as directed above, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that Plaintiffs' motions to proceed *in forma*

---

[6] The Federal Rules of Civil Procedure are available online at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure.

*pauperis* are granted; and it is further

ORDERED, that Plaintiffs are granted leave to file an amended complaint **within 45 days of this Order**; and it is further

ORDERED, that the Clerk of Court is directed to send to Plaintiffs a copy of this Order, a copy of the operative Second Amended Complaint (ECF No. 13), a blank Non-Prisoner Complaint Form, and the instructions for preparing an amended complaint; and it is further

ORDERED, that in the event Plaintiffs fail to file an amended complaint as directed above, the existing operative Second Amended Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) with prejudice and the case shall be closed without further order of the Court; and it is further

ORDERED, that in the event that the Complaint is dismissed because Plaintiffs failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure;[7] and it is further

ORDERED, that Plaintiffs shall notify the Court in writing if their addresses

---

[7] The Federal Rules of Appellate Procedure are available online at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-appellate-procedure.

change. The Court may dismiss the action if Plaintiffs fail to do so.

SO ORDERED.

Dated:    February 7, 2025
         Rochester, New York

                                   *Meredith Vacca*
                                   HON. MEREDITH A. VACCA
                                   United States District Judge